Dear Representative Diez:
This office is in receipt of your request for an opinion of the Attorney General in regard to a parish zoning ordinance on property owned by the Airport Commission. In this regard you ask whether a parish zoning ordinance can restrict use of the property owned by an Airport Commission with respect to industrial development, such as warehouses.
We note that R.S. 2:383, "Airport zoning regulations by parishes, cities, town, villages and other political subdivisions", provides as follows:
 Every parish, incorporated city, town, village or other political subdivision may adopt, administer, and enforce under the police power and in the manner and upon the conditions prescribed, airport zoning regulations for any airport or landing field within its jurisdiction, which regulations shall divide the area surrounding the airport or landing field into zones and within such zones, specify the land uses permitted and regulate and restrict the height to which structures and trees may be erected or allowed to grow. In adopting or revising any such zoning regulations, the political subdivision shall consider, among other things, the character of the flying operations to be conducted at the airport or landing field, the nature of the terrain, the height of existing structures and trees above the level of the airport or landing field, the possibility of lowering or removing existing obstructions, and the views of the agency of the federal government charged with fostering of civil aeronautics, as to the aerial approaches necessary to safe flying operations at the airport or landing field. (Emphasis added.)
Thus, in accordance with the statutory provisions for Airport Zoning, R.S. 2:381 et seq, it is specified that the parish can adopt zoning regulations for any airport or landing field within its jurisdiction by dividing "the area surrounding the airport or landing field into zones and within such zones, specify the land uses permitted".
Relative to these provisions the court stated in Guillot v. Brooks,651 So.2d 345 (La.App 1995), "Indeed, local authorities unmistakably retain broad control of areas immediately surrounding airports. * * * Consequently, recognizing the special authority of local governments to exercise zoning controls, we find no conflict between Louisiana's aeronautics policy and the parishes's power to regulate land use."
With regard to the land in question as being in the area surrounding the airport, we find Title 2, Aeronautics, R.S. 2:1(9) sets forth the following definition:
 "Airport" means any area of land or water, except a restricted landing area, which is designed for the landing and takeoff of aircrafts whether or not facilities are provided for the sheltering, servicing, or repairing of aircraft or for receiving or discharging passengers or cargo; all appurtenant areas used or suitable for airport buildings or other airport facilities; and all appurtenant rights of way including easements through or other interests in air space over land or water and other protection privileges, the acquisition or control of which is necessary to insure safe approach to the landing area and efficient operation thereof. (Emphasis added.)
Therefore, if the area in question falls within this definition so as to be a part of the airport, it could not be included as being in the area surrounding the airport or landing field, and would not be included in the area that would be subject to zoning regulation by the parish. However, title to the land in the name of the airport commission is not the sole factor to be considered to make this determination. As observed by this office in Atty. Gen. Op. 84-260, there is state legislation which would allow the promulgation of zoning ordinances to protect and regulate the air space "surrounding" airports, or as considered therein the heliports. Whether this is in the area "surrounding" the airport, or a part thereof, is a factual determination that this office is not in a position to make.
Consequently, if the property in question is in an appurtenant area suitable for airport facilities or control or which is necessary to insure safe approach, we believe it would be beyond the jurisdiction of the parish to regulate its use by zoning since the statute applies to the area surrounding the airport but not the airport itself.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: March 7, 2003